UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR GOLDSMITH,

      Plaintiff,

v.                                        Case No. 1:09-cv-627
                                        Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss the complaint as untimely (docket no. 9). Defendant's motion is unopposed.

      **I.**      **Background**

Plaintiff filed an application for disability insurance benefits (DIB) and supplemental security income (SSI) on August 16, 2005, alleging disability beginning on December 24, 2004. ALJ's Decision (Sept. 3, 2008) (docket no. 10-3); Decl. of Earnest Baskerville (docket no. 10-2). The ALJ denied plaintiff's claim and found that he was not disabled as defined in the Social Security Act. *Id.* The Appeals Council denied plaintiff's request for review on April 16, 2009. Notice of Appeals Council Action (April 16, 2009) (docket no. 10-4); Decl. of Earnest Baskeville. On June 29, 2009, plaintiff filed his complaint in this court to appeal the ALJ's decision. *See* docket no. 1. Defendant contends that the complaint should have been filed on or before June 22, 2009 and seeks to dismiss the complaint as untimely.

## II. Legal standard

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). The regulations further provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). However, this limitation is not jurisdictional and is subject to equitable tolling. *See Bowen*, 476 U.S. at 478-80 (applying equitable tolling to the 60-day limitations period when the agency engaged in "secretive conduct"). The Sixth Circuit considers

five factors in determining the appropriateness of tolling the statute of limitations in Social Security Appeals:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007), quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

### III. Discussion

The Appeals Council denied plaintiff's request for review on April 16, 2009. Pursuant to § 422.210(a), plaintiff is presumed to have received the Appeals Council's notice on April 21, 2009. Plaintiff's complaint should have been filed within 60 days after that date, i.e., on or before June 21, 2009.[1] The court record reflects that plaintiff's complaint was untimely, having been filed eight days late on June 29, 2009. Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971). *See also Watson v. Commissioner of Social Security*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal"); *White v. Secretary of Health, Education & Welfare*, 56 F.R.D. 497, 498 (N.D. N.Y. 1972). Based on this

---

[1] By the court's calculation, the 60-day time period commenced on Tuesday, April 21, 2009, and terminated on Saturday, June 20, 2009. Because the court was not open on June 20th or 21st, the complaint should have been filed no later than Monday, June 22, 2009.

record, plaintiff's untimely complaint should be dismissed. Plaintiff has presented no basis to apply equitable tolling in this case.

### III. Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 9) be **GRANTED** and that the complaint be dismissed as untimely.


Dated: May 25, 2010                    /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).